## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICK PLUMLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>PING IDENTITY HOLDING CORP., MICHAEL FOSNAUGH, ROD ALIABADI, ANIL ARORA, DAVID BREACH, ANDRE DURAND, DIANE GHERSON, PAUL E. MARTIN, JOHN MCCORMACK, YANCEY L. SPRUILL, MARTIN TAYLOR, and VIKRAM VERMA,<br><br>  Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Patrick Plumley ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Ping Identity Holding Corp. ("Ping Identity" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Thoma Bravo, L.P. ("Thoma Bravo").[1]

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

2. On August 2, 2022, the Company entered into an Agreement and Plan of Merger with Thoma Bravo and Project Polaris Holdings, LP ("Parent"), and Project Polaris Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement"). The Merger Agreement provides that Thoma Bravo's stockholders will receive $28.50 in cash for each share of Company common stock held.

3. The Company's corporate directors subsequently authorized the September 16, 2022 filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for October 17, 2022.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of Ping Identity common stock.

10. Defendant Ping Identity is a Delaware corporation with its principal executive offices located at 1001 17th Street, Suite 100, Denver, Colorado 80202. Ping Identity's shares trade on the New York Stock Exchange under the ticker symbol "PING." Ping Identity offers intelligent identity solutions for the enterprise in the United States and internationally. The PingOne Cloud Platform provides access to cloud, mobile, Software-as-a-Service, and on-premise applications with customers, workforce, and partners. The Company's platform offers secure single sign-on, multi-factor authentication, access security, directory solution, dynamic authorization, risk management, identity verification, API intelligence, orchestration and fraud detection.

11. Defendant Michael Fosnaugh is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Rod Aliabadi is and has been a director of the Company at all times relevant hereto.

13. Defendant Anil Arora is and has been a director of the Company at all times relevant hereto.

14. Defendant David Breach is and has been a director of the Company at all times relevant hereto.

15. Defendant Andre Durand is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

16. Defendant Diane Gherson is and has been a director of the Company at all times relevant hereto.

17. Defendant Paul E. Martin is and has been a director of the Company at all times relevant hereto.

18. Defendant John McCormack is and has been a director of the Company at all times relevant hereto.

19. Defendant Yancey L. Spruill is and has been a director of the Company at all times relevant hereto.

20. Defendant Martin Taylor is and has been a director of the Company at all times relevant hereto.

21. Defendant Vikram Verma is and has been a director of the Company at all times relevant hereto.

22. Defendant Defendants identified in paragraphs 11-21 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

23. On August 3, 2022, Ping Identity announced in relevant part:

**DENVER — August 3, 2022 —** Ping Identity (NYSE: PING), provider of the Intelligent Identity solution for the enterprise, today announced that it has entered into a definitive agreement to be acquired by Thoma Bravo, a leading software investment firm, for $28.50 per share in an all-cash transaction valued at an Enterprise Value of approximately $2.8 billion. The offer represents a premium of approximately 63% over Ping Identity's closing share price on August 2, 2022, the last full trading day prior to the transaction announcement, and a premium of 52% over the volume weighted average price of Ping Identity stock for the 60 days ending August 2, 2022.

"This compelling transaction is a testament to Ping Identity's leading enterprise identity solutions, our talented team, and our outstanding customers and partners," said Andre Durand, Ping Identity's Chief Executive Officer. "Identity security and frictionless user experiences have become essential in the digital-first economy and Ping Identity is better positioned than ever to capitalize on the growing demand from modern enterprises for robust security solutions. We are pleased to partner with Thoma Bravo, which has a strong track record of investing in high-growth cloud software security businesses and supporting companies with initiatives to turbocharge innovation and open new markets."

"A tectonic shift is occurring in intelligent identity solutions for the enterprise," said Seth Boro, a Managing Partner at Thoma Bravo. "Ping Identity's unique capabilities and strong position in enterprise identity security make it a great platform to deliver customer outcomes, expand into new use cases and support digital transformations. We are highly impressed with the talented Ping Identity team and look forward to working collaboratively in the years to come."

"Ping Identity is a leader in intelligent identity solutions for the enterprise and is well-positioned to capitalize on the significant opportunities in the $50 billion Enterprise Identity security solutions area," said Chip Virnig, a Partner at Thoma Bravo. "Our shared commitment to growth and innovation, combined with Thoma Bravo's significant security software investing and operational expertise, will enable Ping Identity to accelerate its cloud transformation and delivery of

industry leading identity security experiences for the customers, employees and partners of large enterprises worldwide."

**Transaction Details**

The transaction, which was unanimously approved by the Ping Identity Board of Directors, is expected to close in the fourth quarter of 2022, subject to customary closing conditions, including approval by Ping Identity shareholders and regulatory approvals.  Closing of the transaction is not subject to any financing contingency.  Upon completion of the transaction, Ping Identity's common stock will no longer be listed on the New York Stock Exchange and Ping Identity will become a privately held company.  The Company will remain headquartered in Denver, Colorado.

Vista Equity Partners, which owns approximately 9.7% of Ping Identity's outstanding shares, has agreed to vote its shares in favor of the transaction.

"This transaction is a great outcome, and one we firmly believe maximizes value for all stakeholders," said Michael Fosnaugh, Co-Head of Vista's Flagship Fund and Senior Managing Director, and Ping Identity's Chairman of the Board.  "We wish Andre and the entire Ping Identity team continued success and thank them for their commitment and partnership over the last six years."

**The Materially Incomplete and Misleading Proxy Statement**

24.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on September 16, 2022.  The Proxy Statement, which recommends that Ping Identity stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial analyses underlying the fairness opinion provided by Goldman Sachs & Co. LLC ("Goldman"), financial advisor to the Board; and (b) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning Goldman's Financial Analyses*

25.     The Proxy Statement fails to disclose material information concerning Goldman's financial analyses.

26. With respect to the *Illustrative Discounted Cash Flow Analysis* performed by Goldman, the Proxy Statement fails to disclose: (a) the Company's terminal values; (b) the inputs and assumptions underlying the range of discount rates Goldman used in connection with the analysis; (c) Ping Identity's net debt; (d) cash tax savings from net operating loss carryforwards and R&D credit carryforwards; and (e) the Company's fully diluted outstanding shares.

27. With respect to the *Illustrative Present Value of Future Share Price Analysis* performed by Goldman, the Proxy Statement fails to disclose: (a) the Company's forecasted net debt for each of the fiscal years 2022 to 2024; (b) the Company's projected year-end fully diluted outstanding shares for each of the fiscal years 2022 to 2024; and (c) the inputs and assumptions underlying the discount rate utilized by Goldman in connection with the analysis.

28. With respect to the *Selected Transactions Analysis* performed by Goldman, the Proxy Statement fails to disclose the individual financial metrics for each of the selected transactions analyzed by Goldman.

29. With respect to the *Premia Analysis* performed by Goldman, the Proxy Statement fails to disclose the transactions analyzed, as well as the individual premiums observed for each transaction.

30. With respect to the *Selected Public Company Comparables* analysis performed by Goldman, the Proxy Statement fails to disclose the individual financial metrics for each of the selected companies analyzed by Goldman.

***Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest***

31. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of Thoma Bravo's

proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

32. The omission of the above-referenced information renders statements in the "Opinion of Goldman Sachs" and "Interests of the Company's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

33. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Ping Identity will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Ping Identity**

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Ping Identity is liable as the issuer of these statements.

36. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual

Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Ping Identity within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Ping Identity and participation in and/or awareness of the

Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

46. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]**

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  October 5, 2022 **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*